24 C.C.P.A. (Patents)

AKTIENGESELLSCHAFT FUR FEIN-MECHANIK, VORMALS JETTER & SCHEERER v. KNY-SCHEERER CORPORATION.

Patent Appeal No. 3827.

Court of Customs and Patent Appeals.

Nov. 9, 1936.

Thomas L. Mead, Jr., of Washington, D. C., for appellant.

Clarence G. Campbell, of New York City, for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

PER CURIAM.

On January 31, 1936, the United States Commissioner of Patents rendered a final decision affirming that of the Examiner of Interferences which dismissed the opposition filed by Aktiengesellschaft Fur Feinmechanik Vormals Jetter & Scheerer against an application for registration of a certain mark as a trade-mark by Kny-Scheerer Corporation, being opposition No. 11,704, and adjudged appellee entitled to the registration sought. Section 9 of the Trade-Mark Act of February 20, 1905, as amended by an Act of March 2, 1929, § 2 (b), 15 U.S.C.A. § 89, provides that in such cases a party dissatisfied with the decision of the Commissioner of Patents may appeal to the United States Court of Customs and Patent Appeals "on complying with the conditions required in case of an appeal from the decision of the commissioner by an applicant for patent, or a party to an interference as to an invention, and the same rules of practice and procedure shall govern in every stage of such proceedings, as far as the same may be applicable."

Section 4912, R.S. (35 U.S.C.A. § 60), provides: "When an appeal is taken to the United States Court of Customs and Patent Appeals [in a patent case], the appellant shall give notice thereof to the commissioner, and file in the Patent Office, within such time as the commissioner shall appoint, his reasons of appeal, specifically set forth in writing."

Rule 149 of the United States Patent Office provides that the reasons of appeal shall be filed "within forty days, exclusive of Sundays and holidays but including Saturday half holidays, from the date of the decision appealed from. * * *"

Rule 25 of this court provides: "1. Any party desiring to appeal to this court from a decision of the Board of Appeals or the Commissioner of Patents shall file in the clerk's office a petition, addressed to the court, in which he shall briefly set forth and show that he has complied with the requirements of sections 4912 and 4913 of the Revised Statutes of the United States to entitle him to an appeal, and praying that his appeal may be heard upon and for the reasons assigned therefor to the commissioner. Said reasons for appeal, having been filed with the Commissioner of Patents and made a part of the record, shall not be repeated in the petition of appeal. Said petition of appeal and a certified copy of the record in the proceeding shall be filed in this court and the case duly docketed within 40 days (exclusive of Sundays and legal holidays) from the date upon which said reasons for appeal were filed with the Commissioner of Patents. * * *"

The foregoing seems to comprise all the statutes and rules here pertinent.

It will be noted that the rule of the Patent Office does not fix any definite time within which notice of appeal must be given to the Commissioner, but does fix 40 days from the date of the decision appealed from as the limit for filing the reasons of appeal. So the notice to the Commissioner obviously must be within that time—40 days.

In the case at bar, appellant, on April 30, 1936, approximately 60 days after the date of the Commissioner's decision, filed in the Patent Office a paper entitled "Notice of Appeal to U. S. Court of Customs and Patent Appeals, April 30, 1936." This contained a statement of "reasons of appeal." Along with it there was filed a stipulation, signed by counsel for the respective parties, reading: "It is hereby stipulated by and between counsel for the respective parties hereto that the attached Notice of Appeal may be accepted as though timely filed."

The said stipulation is indorsed "Disapproved May 6 1936 Leslie Frazer Asst. Commissioner of Patents."

Notwithstanding this disapproval, however, there has been presented to the clerk of this court what purports to be a transcript of the record in said opposition No. 11,704, verified in the customary manner by the Commissioner of Patents, under the seal of the United States Patent Office. This instrument is dated June 29, 1936.

It is observed that the same Assistant Commissioner of Patents who disapproved the stipulation, supra, on June 10, 1936, approved an application for an extension of 30 days from June 17, 1936 (that is, extended to July 17, 1936), the time within which the transcript might be filed in this court.

On July 15, 1936, appellant filed a motion that the appeal be accepted by the court; that such motion be decided prior to the printing of the record, and that, if accepted, its counsel be given 30 days after

such acceptance to arrange for the defraying of the expense of printing the record.

The motion is accompanied by an affidavit of counsel which states, in substance, that this is a case remanded to the Patent Office by this court [presumably the case of Aktiengesellschaft Fur Feinmechanik, Vormals Jetter & Scheerer v. Kny-Scheerer Corporation, 68 F.(2d) 974, 21 C.C.P.A. (Patents) 877], and that the question raised by the application is one of interest to both the general public and the Patent Office, in that "it pertains to the right, in the absence of a named statutory limitation, of both parties of an interparties suit, to have an appeal heard, when due to unfortunate circumstances, an order for praecipe was not filed within the arbitrary time set by the Patent Office Rules." It is not stated what the "unfortunate circumstances" were.

On July 22, 1936, there was filed a "Memorandum of Kny-Scheerer Corporation" in which its counsel joins in the request that the appeal be heard "in order that full justice may be had in the premises." This memorandum says that the case "is purely an interparties matter in which the Patent Office has no concern and therefore is quite analogous to the established practice in the Federal Courts in which technical rules are waived where both parties so desire."

Neither party has favored us with any authorities bearing upon the question.

In the case of appeals in customs cases the statute itself fixes the time within which appeals to this court from decrees or judgments of the United States Customs Court may be taken at "within sixty days next after the entry of such decree or judgment, and not afterwards."

The Patent Office rule (149) which requires the filing of the reasons of appeal within 40 days from the date of the decision appealed from is one of long standing. It is authorized by section 4912, R.S. (35 U.S.C.A. § 60), and, so far as we are advised, its reasonableness has never been challenged. It is not suggested in the case at bar that it is unreasonable. The section of the Revised Statutes alluded to does not specifically state that the Commissioner shall appoint the time by a general rule but the desirability of having a general rule is obvious, and we are of opinion that, having the rule, adherence thereto is imperative, so far as this court is concerned.

The statute does not clothe us with authority to appoint the time within which the reasons of appeal shall be filed in the Patent Office. That authority is fixed exclusively in the Commissioner of Patents. It may be that it lies within the Commissioner's discretion to make an exception to the rule in a proper case, and grant more than the 40 days fixed by the general rule, but we do not undertake to pass upon that question here because the issue before us does not require that we do so.

The stipulation that the time might be extended in the case before us was not even presented during the 40 days, but long after the 40 days had expired. We regard the Commissioner's action denying it as being binding upon us.

Accordingly, the application that the appeal be now accepted by this court is denied, and it is ordered that the petition for appeal be stricken from the docket.